SUSIE SCURKO, PLAINTIFF-APPELLANT, v. ST. JOHN THE BAPTIST GREEK CATHOLIC CHURCH SOCIETY, DEFENDANT-RESPONDENT.

Argued May 6, 1941—Decided July 8, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Stephen F. Somogyi.*

For the respondent, *David T. Wilentz.*

The opinion of the court was delivered by

DONGES, J.   Plaintiff brought suit in the New Brunswick District Court for the recovery of $500 as a death benefit, alleged to be due her as widow and beneficiary of her husband, by reason of the death of her husband, who, plaintiff alleges, was a member in good standing of defendant society at the time of his death.

The defendant society was organized in 1904 and was incorporated in 1923 under the act for the incorporation of associations not for pecuniary profit.   Plaintiff's husband became a member in 1904 and continued to pay dues until January, 1939, when he ceased paying, and on June 15th, 1939, was expelled from membership.   At that date, it is alleged he owed four months dues in the sum of $4.40.   He died on December 6th, 1939.

It appears that there were no by-laws until 1931.   As then adopted, section 25 thereof provides: "The death benefit in the event of death of a brother or sister is $500," &c.   Section 26 provides for the monthly payment of $1.10 as dues "60c

is paid for the death benefit fund and 50c for the sick benefit fund." Section 28 provides: "In the event of sickness a member of the society receives $5 weekly sick benefit, if he or she fulfills all duties and obligations by the by-laws * * *."

Prior to the death of plaintiff's husband, religious differences arose in the church with which the society was affiliated and a division occurred, resulting in the establishment of another church of which some members of the defendant society, including plaintiff and her husband, became members.

The certificate of incorporation provides for the operation of the society and provides: "all of which shall be done in accordance with the provisions of the by-laws from time to time adopted by this corporation."

By section 63 of the by-laws adopted in 1931, it is provided: "All members of this society are obliged to pay their monthly collection for the St. John Greek Catholic Church." Section 64 reads "Anyone that does not pay a monthly collection for the church cannot be a member of this society." It appears beyond contradiction that in 1937, 1938 and 1939, the society approved and adopted the provision requiring payment of collection to the church.

On June 5th, 1938, Nicholas Scurko was reported sick, and was reported well on July 23d, 1938. It appears that he was entitled to $32.85 as sick benefits. On August 8th, 1938, he was paid $20 and of the balance of $12.85, he was tendered a check for 85 cents, the balance of $12 being deducted for "church dues." This was on or about October 3d, 1938. Apparently Scurko protested this deduction, but took no action and continued to pay his dues until February, 1939, when he ceased payments. The undisputed testimony is that Scurko paid his dues for each month in 1938, the payment in January, 1939, covering the months of November and December, 1938, and January, 1939. Whether he paid for February, 1939, is not clear from the secretary's testimony. Thereafter he made no payments and on June 15th, 1939, being four months in arrears, he was expelled from membership "because he owed $4.40," according to the undisputed testimony of Kanuscak, the secretary of the society, in accordance with the by-laws. There was undisputed testimony that

both plaintiff and her husband expressed the desire not to be members of the society. This state of mind seems to have been, in part at least, induced by the deduction of church dues from his sick benefits. However, he took no action to recover this amount and, by the continued payments of dues, acquiesced in the by-law provisions. The plaintiff seeks to interject a religious question as to the right of the society to require church dues, but we think this question is not properly in the case. The record clearly shows that deceased took no steps to challenge any provisions of the by-laws, but continued his membership for some years, until he surrendered membership by his failure to pay dues.

In our view, there was a question of fact presented to the trial court, as to whether or not the deceased was a member of the defendant society at the time of his death. The court concluded that he was not such member. This conclusion was clearly supported by the testimony.

The judgment is affirmed, with costs.